IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA GRYZBOWSKI                :
    Plaintiff               :
                                :
  v.                            :      3:CV-08-1884
                                :      (JUDGE VANASKIE)
I.C. SYSTEM, INC.               :
    Defendant              :

## MEMORANDUM

Donna Gryzbowski filed this Fair Debt Collection Practices Act ("FDCPA") action alleging that Defendant, I.C. System, Inc., a debt collector, violated the provisions of the FDCPA when it called and left messages on her cellular phone without identifying itself as a debt collector. The parties have stipulated to the essential facts surrounding the claim and Plaintiff has moved for summary judgment. (Dkt. 14.)[1]

Defendant admits that it did not identify itself as a debt collector but claims that it could not identify itself as a debt collector in the messages in order to guard against potential third-party notification. Defendant's reasoning is unpersuasive. The argument is essentially a claim

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. The page numbers referenced in this Memorandum opinion refer to the page number of the electronic CM/ECF record.

that it admittedly violated one section of the FDCPA in order to guard against the potential violation of another provision of the FDCPA. As Defendant's messages violated the FDCPA by failing to identify itself as a debt-collector, Plaintiff's motion for summary judgment will be granted.

I.     BACKGROUND

Plaintiff is an adult individual residing in Archbald, Pennsylvania, and Defendant is a "debt collector" located in Minnesota that collects debts in Pennsylvania. (Plaintiff's Statement of Undisputed Material Facts ("PSUMF"), Dkt. 15, at ¶¶ 1-2.) Defendant attempted to collect an alleged debt from Plaintiff by placing at least eleven phone calls to Plaintiff and leaving voicemails requesting she return the calls. (Id. at ¶¶ 3-5.) In one of the messages Defendant disclosed that it was a debt collector, but in the other messages did not. (Id. at ¶ 6.) "In four of the messages, the callers disclosed their individual names, but did not state that they were an employee of [Defendant] or disclose [Defendant's] name." (Id. at ¶ 7.) In two of the messages the caller disclosed Defendant's name, but did not disclose their individual names. (Id. at ¶ 8.)

Defendant avers that it received Plaintiff's account from Washington Mutual in order to collect a debt. (Defendant's Counter-Statement of Undisputed Material Fact, ("DCSUMF"), Dkt. 17, at ¶ 1.) Washington Mutual provided Defendant with the telephone number, as Plaintiff's phone number at her place of employment. (Id. at ¶ 2.) Defendant placed calls to this number with the understanding that it was Plaintiff's place of employment and asserts that when leaving

messages at a debtor's place of employment, Defendant does not identify itself as a debt collector to avoid the possibility of inadvertent disclosure to third parties. (Id. at ¶¶ 3-4.)

Plaintiff avers that during the applicable period her cell phone number was (570) 470-5304. (Plaintiff's Affidavit, Dkt. 24-2, at ¶ 1.) She avers that her introductory announcement for her voicemail on this cell phone is:

> Hi, you have reached Donna. Please leave your name, your number, and a brief message and a good time to call and I'll get back to you just as soon as I can. I appreciate your call, so I'll talk to you when I can. Thank you. Bye.

(Id. at ¶ 2.) Plaintiff avers that to the best of her knowledge, the phone number (570) 470-5304 has never been the phone number for her place of work.

In addition to the above-stated non-disputed facts the parties entered into a stipulation of facts. (Stipulation, Dkt. 12.) The thirteen (13) paragraph stipulation states the following:

> 1. Defendant withdraws Affirmative Defenses 1, 3, 5, 6, 7, 8, and 10.
> 2. If Plaintiff shows that the FDCPA has been violated, then $1,000.00 statutory damages will be awarded under 15 U.S.C. § 1692k(a)(2)(A). This agreement is not to be construed as any type of admission with regard to the proving of a violation or a waiver of any defenses Defendant has under the statute or interpretive case law.
> 3. On September 16, 2008 Defendant phoned (570) 470-5304 and left this message: "Hello this message is for Donna Gryzbowski. This is IC System calling in regards to a personal business matter. Please give us a call back at 1 (866) 903-1001."
> 4. On September 17, 2008 Defendant phoned (570) 470-5304 and left this message: "This message is for Donna Gryzbowski. This is Marisa calling from IC System. If you could give us a call back at 1 (866) 903-1001 and this is regarding a personal business matter."
> 5. On September 18, 2008 Defendant phoned (570) 470-5304 and left this message: "Hi, my name is Si calling from IC System. Can a Donna Gryzbowski

3

call us back at (866) 903-1001. This is regarding a personal business matter. Please call us back. Thanks."

6. On September 20, 2008 Defendant phoned (570) 470-5304 and left this message: "Hi, my name is Si calling from IC System. Can a Donna Gryzbowski please call us back at (866) 903-1001. This is IC System calling in regards to a personal business matter. Please give us a call back. Thank you."

7. On September 25, 2008 Defendant phoned (570) 470-5304 and left this message: "Good morning, this is Becky. Please have Donna Gryzbowski give me a call at 1 (866) 903-1001 regarding an important personal matter. Thank you."

8. On September 26, 2008 Defendant phoned (570) 470-5304 and left this message: "This is Andria with IC System. Please ask Donna Gryzbowski to give us a call back at our toll free number 1 (866) 903-1001 concerning an important time-sensitive matter. Thank you."

9. On September 27, 2008 Defendant phoned (570) 470-5304 and left this message: "Donna Gryzbowski please call Roger at (866) 903-1001 regarding a personal business matter."

10. On September 30, 2008 Defendant phoned (570) 470-5304 and left this message: "This is for Donna. Donna you have a very important business matter to attend to with IC System. You need to call (866) 903-1001 in order to take care of that matter."

11. On October 1, 2008 Defendant phoned (57) 470-5304 and left a message. The following is a verbatim transcript of that message except that there is a portion of the recording which is not clear. The underlined space represents that portion. "Hi, this message is for Donna. I'm calling from IC System about an important business matter of yours. Could you please give us a call back at our toll free number (866) 903-1001._____. Please contact IC System in regard to an important business matter at 1 (800) 325-6884. We are a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Again, please contact us at 1 (800) 325-6884."

12. On October 2, 2008 Defendant phoned (570) 470-5304 and left this message: "Hi, this is Nancy, Please have Donna Gryzbowski give me a call at 1 (866) 903-1001 regarding a personal matter. And the telephone number is 1 (866) 903-1001. Thank you. Bye."

13. On October 6, 2008 Defendant phoned (570) 470-5304 and left this message: "Donna Gryzbowski please call Roger at (866) 903-1001 regarding a personal business matter."

(Id. at 1-4.)

As a result of the messages left on her cell phone, Donna Gryzbowski filed this action on October 10, 2008, alleging violation of the FDCPA. (Comp., Dkt. 1.) Discovery concluded in this matter on April 15, 2009, and on April 30, 2009, Plaintiff filed a Motion for Summary Judgment. (Dkt. 14.) The matter has been fully briefed and is ripe for review.

II. DISCUSSION

It is Plaintiff's contention that the messages left by Defendant on Plaintiff's cellular telephone voice mail violated sections 1692e(11) and 1692d(6) of the FDCPA. (Mt. S.J., Dkt. 16, at 3.) Defendant counters that it believed that it was contacting Plaintiff at her place of employment, not on her personal cellular telephone, and because of this belief Defendant did not identify itself as a debt collector in order to guard against an unauthorized communication with third parties. (Opp. Mt. S.J., Dkt. 17, at 12.)

    A.    Section 1692e(11)

"'The FDCPA was enacted in 1977 as an amendment to the Consumer Credit Protection Act to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007) (quoting Staub v. Harris, 626 F.2d 275, 276-77 (3d Cir. 1980)). The primary goal of the FDCPA is to eliminate abusive debt collection practices by debt collectors and to insure that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged. Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 298 (3d Cir. 2008) (citing 15 U.S.C. § 1692(e)). "[T]he FDCPA imposes strict liability on debt collectors who violate its provisions." See Masciarelli v. Boudreau & Assocs., 529 F. Supp. 2d 183, 186 (D. Mass. 2007); Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 661 (S.D.N.Y. 2006) ("'The FDCPA establishes a strict liability standard; a consumer need not show intentional violation of the Act by a debt collector to be entitled to damages.'").

> The FDCPA provides that a violation occurs when the debt collector fails
>
> to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C.A. § 1692e(11). With regard to communication with third parties, the FDCPA provides:

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The definition of communication in the FDCPA is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15

U.S.C. § 1692a(2).

It is Defendant's position that based on the FDCPA's blanket prohibition regarding disclosure of debt information to third parties, Defendant does not state that it is a debt collector calling to collect a debt when it contacts a consumer at their place of employment because they want to avoid the "inadvertent or unintentional disclosure of this information" to the debtor's employer. (Opp. Mt. S.J., Dkt. 17, at 13.) Accordingly, the essence of Defendant's argument is that in order to guard against the potential violation of section 1692c(b), Defendant violates section 1692c(11) by failing to identify itself as a debt collector.

The Eleventh Circuit in Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009), was faced with the issue of "whether a debt collector is entitled to the bona fide error defense when it intentionally violates one provision of the Act in order to avoid the risk of violating another provision." The Court held:

> Just as it is not reasonable to destroy a village in order to save it, neither is it reasonable to violate an Act in order to comply with it. It was not reasonable for [the Defendant] to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b).

Id. at 1354. The defendant complained that leaving messages on answering machines would result in potential violation of § 1692c(b), therefore resulting in a rule of law forcing it not to leave any messages on answering machines. Id. The court responded that the argument

> assumes an answering machine message that includes the disclosure required by § 1692e(11), if heard by a third party, would violate § 1692c(b). We have not

7

> decided that issue, but even if [the Defendant's] assumption is correct, the answer is that the Act does not guarantee a debt collector the right to leave answering machine messages.

Id.

Although there is no Third Circuit case law dealing with the appropriateness of identification of a debt-collector in a voicemail or answering machine message, numerous district courts have been faced with the issue and determined that the debt-collector's failure to identify itself as a debt-collector when leaving messages violates the FDCPA. See, e.g., Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1352-53 (N.D. Ga. 2008); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); Masciarelli, 529 F. Supp. 2d at 185; Foti, 424 F. Supp. 2d at 669; Mark v. J.C. Christensen & Assocs., Inc., No. 09-100, 2009 WL 2407700, at *4 (D.Minn. 2009). In Foti, the court held that a pre-recorded message left on the plaintiff's home answering machine that failed to notify the plaintiff that the call was from a debt-collector, violated section 1692e(11). Foti, 424 F. Supp. 2d at 669. In Mark, the defendant made a similar argument to that presented here. The defendant argued:

> when leaving a voicemail or answering machine message, there is a concern that someone other than the consumer will hear the message. Thus, debt collectors are faced with a 'Hobson's choice' of, on the one hand, leaving a 'short, non-offensive message' that fails to make the necessary disclosures and thereby exposes the debt collector to claimed violations of § 1692d and § 1692e or, alternatively, leaving a message that makes the necessary disclosures but in so doing runs the risk that a third party will hear the message, thus exposing the debt collector to claimed violations of the prohibition in 15 U.S.C. § 1692c(b) on

third party disclosures.

Id. at *4. The court was not persuaded by the defendant's argument, and found that the defendant's risk came as a result of selection of what it viewed as the "easiest or most cost-effective method of attempting to collect debts." Id. at 5. "Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone." Chalik v. Westport Recovery Corp., 2009 WL 5191422, at *5 (S.D. Fl. Oct. 30, 2009); Berg, 586 F. Supp. 2d at 1344; Foti, 424 F. Supp. 2d at 659 ("Debt collectors . . . could continue to use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters.").

Defendant tries to distinguish the case sub judice from Foti and the cases that follow Foti's line of reasoning by arguing that in Foti the debt collector left pre-recorded messages on the debtor's home answering machine. Accordingly, Defendant argues that Foti does not address "(1) the issue in the instance case where the call is placed to the consumer at her place of employment and (2) the interplay of the mandatory provisions contained in Section 1692c(b) with the other sections of the Act when calls are not placed to debtor's at their homes." (Opp. Mt. S.J., Dkt. 17, at 14.) These distinctions are not persuasive. First, the calls were not placed to Plaintiff at her place of employment; they were calls to her personal cellular telephone. Although Defendant believed that the number was that of her employer, its subjective belief is irrelevant as the FDCPA is a strict liability statute. See Masciarelli, 529 F.

Supp. 2d at 186; Foti, 424 F. Supp. 2d at 661. Second, Defendant has failed to cite persuasive authority that a debt collector's identification duty changes when it leaves voicemail messages on a person's cellular telephone as opposed to a home or work voicemail. As found by other courts, "leaving the recorded messages on the consumer's home telephone number [does] not cure the dilemma because the possibility still existed that a spouse, relative, or roommate would listen to the message." see Mark, 2009 WL 2407700, at *5. Accordingly, Defendant finds itself in its current "predicament" only because of the specific way that was selected to collect debts. See id.

Defendant relies on Fashakin v. Nextel Communications, et al., No. 05cv3080, 2009 WL 790350, at *9 (E.D.N.Y. Mar. 25, 2009), for the proposition that debt collectors who call debtors at their place of business are not required to identify themselves as debt collectors in order to guard against the risk of inadvertent communication with third parties. (Opp. Mt. S.J., Dkt. 17, at 15-17.) In Fashakin, the defendant conceded "that it did not leave messages or state the nature of its calls when communicating with plaintiff's receptionists." Fashakin, 2009 WL 790350, at *8. The court found that the defendant "was correct not to disclose the nature of its calls to plaintiff's office staff, and clearly refrained from doing so." Id. at *9. Defendant argues in support of Fashakin's applicability by stating that the difference between leaving a message on an answering machine or with a co-worker is immaterial, "because the inadvertent disclosure of a debt to third parties is present regardless of whether the call is a voice mail

10

message or it is a call to a co-worker." (Opp. Mt. S.J., Dkt. 17, at 19.) This analogy simply does not fit. A message left with a co-worker, identifying the caller as a debt-collector, would be a clear violation of section 1692c(b), as the co-worker is clearly a third party. See 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692a(2). A voicemail or answering machine, however, is not a third party. The potential violation of the statute does not occur when the message is left, but instead, if or when a third party overhears the debt collector's message. Accordingly, <u>Fashakin</u> is clearly distinguishable and not applicable to the current factual scenario.

Defendant does not dispute that the voicemail messages were left in connection with the collection of a debt. Accordingly, Defendant has admitted to leaving messages on Plaintiff's voicemail that, though in connection with the collection of a debt, did not disclose Defendant's identity as a debt collector, excepting the October 1, 2008 call, in violation of the FDCPA. Defendant's attempt to distinguish the current facts from those cases in which a message was left at the debtor's home is not persuasive. Whether the voicemail messages were left at the debtor's home, at work, or on a cellular telephone, there is the chance that a third party will overhear the message. See Mark, 2009 WL 2407700, at *5.

Although Defendant does not specifically proffer the <u>bona</u> <u>fide</u> error defense, it is clear that the defense would also be without merit. "To prevail on this defense, the debt collector must establish by a preponderance of the evidence that the FDCPA violation was unintentional and resulted from a <u>bona</u> <u>fide</u> error notwithstanding procedures reasonably adapted to avoid

11

error." Drossin, 641 F. Supp. 2d at 1321. Defendant admits that it called Plaintiff, left messages on her voice mail, and did not identify itself as a debt collector. (Stipulation, Dkt. 12.) As Defendant admits that its violation was intentional, in order to guard against a potential violation of section 1692c(b), Defendant does not present a valid bona fide error defense. See Drossin, 641 F. Supp. 2d at 1321; Edwards, 584 F.3d at 1352. Moreover, its subjective belief that it was calling a place of employment where the messages may be heard by someone other than Plaintiff was unreasonable in light of the message that it received when it called Plaintiff's number, which gave no indication that messages left for her number were heard by anyone else. As explained in Edwards, 584 F.3d at 1353-54:

> Just as it is not reasonable to destroy a village in order to save it, neither is it reasonable to violate an Act in order to comply with it. It was not reasonable for [Defendant] to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b).

As the FDCPA imposes strict liability, and Defendant admits to leaving messages on Plaintiff's voicemail without identifying itself as a debt collector, Defendant violated section 1692e(11) of the FDCPA. Defendant is not entitled to a bona fide error defense as it admits that the failure to identify itself as debt collector was intentional. Accordingly, Plaintiff's Motion for Summary Judgment based on Defendant's violation of section 1692e(11) of the FDCPA will be granted. See Edwards, 584 F.3d at 1352.

B.   Section 1692d(6)

The FDCPA provides that "the placement of telephone calls without meaningful disclosure of the caller's identity" is conduct that a debt collector may not engage in and is a violation of the statute. 15 U.S.C.A. § 1692d(6). Plaintiff argues that Defendant's voicemail messages also violated section 1692d(6) of the FDCPA. Defendant again contends that the violation occurred in order to guard against potential disclosure pursuant to section 1692c(b).

The statute requires that debt collectors give meaningful disclosure to the debtor, except when the communication is with a third party. Meaningful disclosure has been held to require the debt collector "to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." Baker, 554 F. Supp. 2d at 494 (citing cases).

As already discussed, Defendant does not contend that it provided meaningful disclosure of its identity when it called, but instead argues that to do so would potentially violate section 1692c(d). The September 16, September 30, and October 1, 2008 messages failed to disclose the caller's name. The September 25, September 27, October 2, and October 6, 2008 messages failed to disclose the debt collection company's name. Furthermore, all the messages, excepting the October 1, 2008 message, failed to notify Plaintiff of the nature of the debt collector's business. Because the FDCPA imposes strict liability on debt collectors who violate its provisions, and Defendant admits to failing to identify itself, Defendant violated section 1692d(6). See Masciarelli, 529 F. Supp. 2d at 186; Foti, 424 F. Supp. 2d at 661.

13

Accordingly, Plaintiff is entitled to summary judgment as to her claim pursuant to section 1692d(6) of the FDCPA.

III. CONCLUSION

Accordingly, for the above-stated reasons, Plaintiff's Motion for Summary Judgment will be granted. An appropriate order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA GRYZBOWSKI :
        Plaintiff :
         :
  v. : 3:CV-08-1884
         : (JUDGE VANASKIE)
I.C. SYSTEM, INC. :
        Defendant :

ORDER

NOW, THIS 5th DAY OF MARCH, 2010, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff Donna Gryzbowski's Motion for Summary Judgment (Dkt. 14) is GRANTED.

2. As stipulated by the parties, Defendant will pay statutory damages in the amount of $1,000.00 to Plaintiff, Donna Gryzbowski pursuant to 15 U.S.C. § 1692k(a)(2)(A). (Dkt. 12.)

3. Defendant shall pay Plaintiff's reasonable attorneys fees. If the parties are unable to reach agreement on the amount of fees, Plaintiff shall file an appropriate motion for attorney fees in compliance with the applicable rules.

4. The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $1,000.

                                          s/ Thomas I. Vanaskie
                                          Thomas I. Vanaskie
                                          United States District Judge